# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 06-7146   September Term, 2006

06cv01477



MANDATE
Pursuant to the provisions of Fed. R. App. Pro. 41(a)
ISSUED: 1/25/07
BY: [signature], Deputy Clerk
ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

Filed On:

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED   DEC 2 2 2006

CLERK

Tyrone Hurt,
    Appellant

v.

William Borders, Jr., Former Attorney at Law,
    Appellee

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**BEFORE:**   Ginsburg, Chief Judge, and Randolph and Garland, Circuit Judges

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. It is

**ORDERED AND ADJUDGED** that the district court's order filed August 22, 2006 be affirmed. The district court did not err in dismissing appellant's constitutional claim for damages against his former defense attorney as barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Furthermore, even if not barred by Heck, appellant's claim fails because the complaint does not allege that appellee acted under color of state law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law for purposes of 42 U.S.C. § 1983 when performing a lawyer's traditional functions as counsel to indigent defendant in a state criminal proceeding). Finally, the district court properly declined to assume subject matter jurisdiction over that portion of appellant's complaint that could be construed as a state law claim for legal malpractice after concluding there was no federal claim for relief. Cf. United Mineworkers v. Gibbs, 383 U.S. 715, 726 (1965); 28 U.S.C. § 1367 (district court may decline to exercise supplemental jurisdiction over claim if the district court has dismissed all claims over which it has original jurisdiction).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

Per Curiam

[signature]

A True Copy:

United States Court of Appeals
for the District of Columbia Circuit

By: [signature] Deputy Clerk